

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-23-2004

# USA v. Augustin

Precedential or Non-Precedential: Precedential

Docket No. 03-2795

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Augustin" (2004). *2004 Decisions*. Paper 432.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/432

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF
APPEALS
FOR THE THIRD CIRCUIT

No. 03-2795

UNITED STATES OF AMERICA

v.

REMY AUGUSTIN,
                    Appellant

ON APPEAL FROM THE DISTRICT
COURT OF THE VIRGIN ISLANDS
D.C. Crim. No. 01-cr-00027-2
District Judge:  The Honorable Raymond
L. Finch, Chief Judge

Argued:  May 7, 2004

Before: BARRY, AMBRO, and SMITH,
Circuit Judges

(Opinion Filed:   July 23, 2004)

Eric S. Chancellor, Esq. (Argued)
Suite 7
2111 Company Street
Christiansted, St. Croix
USVI,   00820

Attorney for Appellant

Alphonso G. Andrews, Jr. (Argued)
Office of the United States Attorney
1108 King Street, Suite 201
Christiansted, St. Croix
USVI,   00820

Attorney for Appellee

OPINION OF THE COURT

BARRY, Circuit Judge

Remy Augustin was convicted in the District Court of the Virgin Islands of carjacking, in violation of 18 U.S.C. § 2119, and of possession of a firearm by a drug user, in violation of 18 U.S.C. § 922(g)(3).   He asserts, on appeal, that the government failed to present sufficient evidence to support either of his convictions under § 2119 or his conviction under § 922(g)(3).  We agree as to the latter and, thus, will vacate that conviction.  The judgment and sentence will otherwise be affirmed.[1]

**I.  BACKGROUND**[2]

---

[1]The District Court had jurisdiction under 48 U.S.C. § 1612. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

[2]We express our displeasure at the inadequate appendices provided by the parties.  Augustin, whose sole argument on appeal is the insufficiency of the evidence, has provided us with the testimony of only one witness,

In the early evening of June 28, 1996, Remy Augustin, along with Alex DeJesus and Lorenzo "Tito" Robles, were "hanging out" on the steps of a public housing project, smoking marijuana with a group of people. According to DeJesus, who later pled guilty and testified for the government, "[e]verybody smoke marijuana . . . I can't remember who pass it or however it come [sic]." As the night wore on, the trio split from the group to "go on a run." This "run," which began shortly before midnight on June 28 and continued into the early morning hours of June 29, resulted in three carjackings involving violence, two committed by all three men and the third only by Robles and DeJesus.

Augustin, Robles, and DeJesus began their crime spree soon after splitting from the group. Dressed in camouflage jackets and wearing stocking masks, they crouched behind a row of bushes. Robles, apparently without notice to the others, grabbed a stone and hurled it at a passing car, forcing it to stop. Robles leapt from behind the bushes and charged the car. Augustin and DeJesus, close on his heels, saw Robles pin the driver face down in the

cooperating witness DeJesus. The government, for its part, has graced us with only parts of the direct and very compelling testimony of the victims, neither of which it even identified, and none of the cross-examination.

street with a gun pointed at his head. After taking the victim's money, Robles ordered him to run, and the three men sped away in the victim's car. According to DeJesus, neither he nor Augustin knew that Robles intended to commit a carjacking, or that Robles had a gun. Perhaps not surprisingly, however, given their camouflage clothing, hiding place, and masks, DeJesus " had a feeling I know [sic] what was going on."

It was approximately one o'clock in the morning when, following a spell of joyriding in the commandeered car, the trio headed to another part of town. Fearing that the victim of the earlier hijacking might have alerted the police to their crime and provided a description of the car, the men decided to abandon it. Robles maneuvered the car to cut off another driver, forcing him to stop. Augustin, now carrying the gun, charged the cornered driver, and ordered him into the back seat. Robles pulled the first car over to the side of the road, and the three men drove away in the second car, taking the victim with them.

Believing he was in danger, the victim jumped out of the car but was quickly apprehended by Augustin, who knocked him to the ground, hit him on the head with the gun, and picked him up, putting him in the trunk of the car. The trio again drove off, stopping at a beach. The victim was taken out of the trunk, thrown to the ground and beaten, and made to take off all of his clothes. The three men kicked the now-naked

victim and hit him with their fists. When they were finished, they put him back into the trunk and drove him to a cliff, where he was taken from the car and his hands tied behind his back. One of the men said, "Shoot him twice in the head." Another said, "No, let him stand up, let him run and jump over the cliff." The gun was pointed at him, and he heard someone say to run. The victim ran, rolling into high grass and screaming so that the men would believe that he had, in fact, jumped over the cliff. The trio then drove away in the victim's car.

Augustin was arrested and prosecuted for his role in the events of June 28 and 29. Following trial, he was convicted of two counts of carjacking under 18 U.S.C. § 2119; one count of use of a firearm during a crime of violence – the second carjacking – under 18 U.S.C. § 924(c); and two counts of possession of a firearm by a drug user under 18 U.S.C. § 922(g)(3).[3] A sentence of imprisonment of 135 months was imposed on the convictions for carjacking and possession of a firearm by a drug user, to be followed by a mandatory 240 month term of imprisonment for use of a firearm during a crime of violence. Augustin appeals

only the convictions for carjacking and for possession of a firearm by a drug user, although the conviction for use of a firearm during a crime of violence would, of necessity, be vacated were his challenge to the second carjacking conviction successful.

## II. DISCUSSION

Augustin contends that neither his conviction under 18 U.S.C. § 922(g)(3) nor his convictions under 18 U.S.C. § 2119 are supported by sufficient evidence. We will discuss these contentions in order, recognizing that, in reviewing the sufficiency of the evidence, "we review the evidence in the light most favorable to the government as verdict winner." *United States v. Applewhaite*, 195 F.3d 679, 684 (3d Cir. 1999) (citing *United States v. Stansfield*, 101 F.3d 909, 911 (3d Cir. 1996)). In other words, "[o]ur review of the sufficiency of the evidence after a guilty verdict is 'highly deferential.'" *United States v. Hodge*, 321 F.3d 429, 439 (3d Cir. 2003) (quoting *United States v. Hart*, 273 F.3d 363, 371 (3d Cir. 2001)). "We must affirm the convictions if a rational trier of fact could have found defendant guilty beyond a reasonable doubt, and the verdict is supported by substantial evidence." *United States v. Coyle*, 63 F.3d 1239, 1243 (3d Cir. 1995).

---

[3]On Augustin's motion, the District Court vacated the § 922(g)(3) conviction that related to the first carjacking because Robles, not Augustin, possessed the firearm. The government does not appeal this ruling.

3

## A. Possession of a Firearm by an Unlawful Drug User

By its terms, 18 U.S.C. § 922(g)(3) prohibits the possession of a firearm by anyone who "is an unlawful user of or addicted to any controlled substance[.]" 18 U.S.C. § 922(g)(3).[4] "The term 'unlawful user' is not otherwise defined in the statute, but courts generally agree the law runs the risk of being unconstitutionally vague without a judicially-created temporal nexus between the gun possession and regular drug use." *United States v. Turnbull*, 349 F.3d 558, 561 (8th Cir. 2003).

---

[4]18 U.S.C. § 922(g)(3) provides in relevant part:

> It shall be unlawful for any person . . . who is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)) . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

Augustin does not dispute that it was he who carried the gun during the second carjacking, and it is that possession which underlies the sole § 922(g)(3) count before us, Count 7. Neither does he dispute that he smoked marijuana on the evening of June 28 or that marijuana is a controlled substance. *See* 21 U.S.C. § 812 (listing tetrahydrocannabinols as a controlled substance in Schedule I(c)(17)). He argues, however, that the evidence of his single use of marijuana – and the government agrees that that is all that the evidence disclosed – was insufficient to prove that he was "an unlawful user of or addicted to any controlled substance[.]" 18 U.S.C. § 922(g)(3). We agree.

Congress chose to criminalize firearm possession by any person "who *is* an unlawful user[.]" *Id*. (emphasis added). The use of the present tense was not idle. Quite simply, Congress intended the statute to cover unlawful drug use at or about the time of the possession of the firearm, with that drug use not remote in time or an isolated occurrence.[5]

---

[5]It was not necessary for the government to prove that Augustin was smoking marijuana at the very same time that he possessed the firearm. *See*, *e.g.*, *United States v. Mack*, 343 F.3d 929, 935 (8th Cir. 2003) ("there is no strict temporal element within Section 922(g)(3) that would require the

(continued...)

Those of our sister courts of appeals that have considered 18 U.S.C. § 922(g)(3) have concluded, as do we, that one must be an unlawful user at or about the time he or she possessed the firearm and that to be an unlawful user, one needed to have engaged in regular use over a period of time proximate to or contemporaneous with the possession of the firearm. *See Turnbull*, 349 F.3d at 562 (recognizing the need for a "temporal nexus between regular drug use and . . . possession of firearms" to support a conviction under § 922(g)(3)); *United States v. Jackson*, 280 F.3d 403, 406 (4th Cir. 2002) (the district court did not err in finding that to support a conviction under § 922(g)(3), the government must establish "a pattern of use and recency of use"). *See also United States v. Purdy*, 264 F.3d 809, 812-13 (9th Cir. 2001) (rejecting a void-for-vagueness challenge and stating that "to sustain a conviction under § 922(g)(3), the government must prove . . . that the defendant took drugs with regularity, over an extended period of time, and contemporaneously with his purchase or possession of a firearm"); *United States v. Edwards*, 182 F.3d 333, 336 (5th Cir. 1999) (rejecting a void-for-vagueness challenge and affirming conviction where defendant admitted to using "marijuana on a daily basis . . . for the past two to three years").

There was no evidence that Augustin had ever used drugs prior to the single use on June 28, or that he ever used drugs again. All the evidence disclosed was that Augustin used drugs on June 28 and possessed a firearm on June 29, roughly six hours later.[6] That evidence was insufficient to support his conviction under 18 U.S.C. § 922(g)(3).[7]

## B.    Carjacking

Augustin also asserts that the

---

[5](...continued) government to prove that a specific instance of drug use occurred simultaneously with a defendant's firearm possession"); *United States v. Jackson*, 280 F.3d 403, 406 (4th Cir. 2002).

---

[6]Even assuming that the government established that Augustin's gun possession and his isolated use of marijuana were sufficiently close in time, use of drugs with some regularity is required to support a conviction under 18 U.S.C. § 922(g)(3). *See Jackson*, 280 F.3d at 406 ("Section 922(g)(3) does not forbid possession of a firearm *while unlawfully using* a controlled substance. Rather, the statute prohibits *unlawful users* of controlled substances (and those addicted to such substances) from possessing firearms.") (emphasis in original).

[7]We cannot help but note the pyrrhic nature of this victory. Given the fact that we will otherwise affirm the judgment and sentence, it appears that Augustin's sentence will remain unchanged.

government failed to present evidence sufficient to support a guilty verdict as to either of his carjacking convictions. As to the second carjacking, however, he has, with good reason, utterly failed to do more than assert that that is so.

We begin by identifying the elements of the federal carjacking statute, 18 U.S.C. § 2119:[8]

---

[8] 18 U.S.C. § 2119 provides:

Whoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall –

(1) be fined under this title or imprisoned not more than 15 years, or both,

(2) if serious bodily injury . . . results, be fined under this title or imprisoned not more than 25 years, or both, and

(3) if death results, be fined under this title or imprisoned for any number of years up to life, or both,
(continued...)

In order to be convicted of carjacking under 18 U.S.C. § 2119, the government must prove that the defendant (1) with intent to cause death or serious bodily harm (2) took a motor vehicle (3) that had been transported, shipped or received in interstate or foreign commerce (4) from the person or presence of another (5) by force and violence or intimidation.

*Applewhaite*, 195 F.3d at 684-85 (citation and quotations omitted). Augustin would be hard pressed to challenge his conviction as to either carjacking on the second through the fifth elements, and he does not attempt to do so. Rather, he directs his efforts only to the first element, that of intent to cause death or serious bodily harm, and why, in his view, the evidence did not support an intent to cause death or serious bodily harm to the victim of the first carjacking, wholly ignoring the victim of the second carjacking. Given the ringing evidence of his brutalization of the second victim, we conclude that no further discussion of that carjacking is warranted. We turn, then, to the first carjacking and whether the intent element was satisfied.

"The intent requirement of § 2119

---

[8] (...continued)
or sentenced to death.

6

is satisfied when the Government proves that at the moment the defendant demanded or took control over the driver's automobile the defendant possessed the intent to seriously harm or kill the driver if necessary to steal the car (or, alternatively, if unnecessary to steal the car)." *Holloway v. United States*, 526 U.S. 1, 12 (1999). *See also Applewhaite*, 195 F.3d at 685 (discussing *Holloway*). Accordingly, we must determine whether, at the precise moment Augustin "demanded or took control" of the first victim's car "by force and violence or intimidation," he had the proscribed state of mind.

Augustin, relying on DeJesus's testimony, asserts that neither he nor DeJesus knew in advance that Robles intended to commit a carjacking or that Robles had a gun. Therefore, he contends, given this paucity of knowledge, he could not have had the intent "to seriously harm or kill." *Holloway*, 526 U.S. at 12. We reject this contention.

To be sure, it was Robles who initiated the first carjacking and it was Robles who carried the gun, with Augustin and DeJesus, although hiding and disguised in camouflage clothing and masks, purportedly ignorant of what was to ensue. But as the Supreme Court emphasized in *Holloway*, and as we recognized in *Applewhaite*, a carjacker's intent is assessed "*at the moment [he] demanded or took control over the driver's automobile[.]*" *Holloway*, 526

U.S. at 12 (emphasis added); *Applewhaite*, 195 F.3d at 685 (quoting *Holloway*). Thus, it does not matter whether Augustin, when he and Robles and DeJesus were crouched in the bushes, planned in his own mind or agreed with the others to commit a carjacking. Augustin leapt over the bushes as soon as he saw Robles, with gun drawn, manhandle the driver of a passing car. Augustin, at that moment, ratified all that Robles was doing, leaving no doubt that, as the Court put it in *Holloway,* he "would have at least attempted to seriously harm or kill the driver if that action had been necessary to complete the taking of the car." *Holloway*, 526 U.S. at 12. He could have fled. He could have attempted to stop Robles. What he chose to do, however, was follow on Robles's heels and then drive away in the victim's car with Robles and DeJesus.

The evidence was sufficient to support Augustin's convictions on both counts of carjacking.

### III. CONCLUSION

We will vacate Augustin's conviction under 18 U.S.C. § 922(g)(3) (Count 7) and will otherwise affirm the judgment and sentence.

7