

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-6-2005

# USA v. Robles

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2467

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Robles" (2005). *2005 Decisions*. Paper 1239.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1239

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-2467

UNITED STATES OF AMERICA

v.

LORENZO ROBLES,
Appellant

On Appeal from the District Court
of the Virgin Islands
(District Court Criminal No. 01-cr-00027-1)
District Judge:  Honorable Raymond L. Finch

Submitted Under Third Circuit LAR 34.1(a)
April 20, 2005

Before:  NYGAARD, RENDELL and SMITH, Circuit Judges.

(Filed May 6, 2005 )

OPINION OF THE COURT

RENDELL, Circuit Judge.

Lorenzo Robles was indicted on thirteen felony counts resulting from three

carjacking incidents that occurred in the summer of 1996.  He was convicted on all

thirteen counts: three counts of carjacking in violation of 18 U.S.C. § 2119, three counts

of use of a firearm during the commission of a violent crime in violation of 18 U.S.C. § 924(c)(1)(A), three counts of possession of a firearm by a drug user in violation of 18 U.S.C. § 922(g)(3), three counts of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1), and one count of use of fire to commit a felony in violation of 18 U.S.C. § 844(h)(1). On appeal, Robles argues violations of his Fifth Amendment right to due process and Sixth Amendment right to a speedy trial and the Government's failure to present sufficient evidence to support his conviction. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

## I.

As we write solely for the parties, our recitation of the facts will be limited to those necessary to our determination. On the evening of June 28, 1996, Robles and two co-conspirators, Remy Augustin and Alex DeJesus, engaged in a crime spree that lasted until the morning of June 29, 1996. After the three smoked marijuana, Robles told his companions that they were "going on a run." Just before midnight, Robles, Augustin, and DeJesus ambushed Eugene Freeman as he was walking to his car. Robles placed a gun to Freeman's face and ordered him to the ground. He struck Freeman in the head with the gun and ordered Freeman to hand over the contents of his pockets, which included two hundred fifty dollars. The three men then drove away in Freeman's car, leaving him on the roadside. At approximately 1:00 a.m., Robles cut off an oncoming car, forcing the car to stop. Robles gave his gun to Augustin, who ordered the driver, Jose Garcia, to the

2

back seat. The three men then drove away in the car. When Garcia attempted to jump from the backseat of the car, Augustin beat him with the gun and placed him in the trunk. They then drove to a secluded area and ordered Garcia, whom they had ordered to strip naked, to jump from a cliff. Garcia managed to escape and seek help. Robles and DeJesus then doused the car with gasoline and set it on fire.

Several weeks later, on July 17, 1996, Robles and DeJesus approached Michael George, who was sitting in his truck outside of his home. Robles pointed a gun at George and forced him out of the car. He and DeJesus then tied up George and his sister inside the house and stole a television and a pair of sneakers. Robles and DeJesus then drove away in George's truck.

On May 24, 2001, Robles was indicted on thirteen felony counts for his participation in the carjackings. Following a trial, in which the Government's evidence included the testimony of DeJesus, Robles' co-conspirator, Robles was convicted of all thirteen counts. Robles maintains that his Sixth Amendment right to a speedy trial and his Fifth Amendment right to due process were violated by the Government's delay in issuing an indictment and that the Government failed to produce sufficient evidence to support his conviction.

## II.

We exercise plenary review over Robles' constitutional challenges. United States v. One Toshiba Color TV, 213 F.3d 147, 151 (3d Cir. 2000). "[T]he Due Process Clause

has a limited role to play in protecting against oppressive [pre-indictment] delay." United States v. Lovasco, 431 U.S. 783, 789 (1977). To prevail in a Fifth Amendment due process claim based on the Government's preaccusation delay, a defendant must prove that he was actually prejudiced by the delay and that the Government intentionally delayed the indictment to gain tactical advantage. United States v. Gouveia, 467 U.S. 180, 192 (1984). Robles asserts that the Government's delay in issuing an indictment impaired his ability to put on a defense because he could not furnish an alibi for the nights of the offenses. However, we have said that "contentions that the memories of witnesses [have] faded as a result of the delay [fall] short of the requisite showing of actual prejudice." United States v. Sebetich, 776 F.2d 412, 430 (3d Cir. 1985) (citing United States v. Marion, 404 U.S. 307, 325-26 (1971)). As to the second requirement, Robles has failed to produce evidence to support his claim that the Government's delay in issuing the indictment was intentional or to rebut the Government's assertion that the delay was merely a product of the Government's following up on leads produced by the investigation.

The protection afforded by the Sixth Amendment right to a speedy trial does not vest until formal charges have been filed or the accused has been arrested; it does not extend to preaccusation delays. Marion, 404 U.S. at 320.

Accordingly, we find that the District Court did not err in denying Robles' motion to dismiss his indictment for violations of his Fifth Amendment right to due process and

4

Sixth Amendment right to a speedy trial.

III.

Robles maintains that the Government produced insufficient evidence to support his convictions on all of the thirteen counts of which he was convicted. In reviewing the sufficiency of the evidence to support a conviction, "we review the evidence in the light most favorable to the government as verdict winner." United States v. Applewhaite, 195 F.3d 679, 684 (3d Cir. 1999) (citing United States v. Stansfield, 101 F.3d 909, 911 (3d Cir. 1996)). "We must affirm the convictions if a rational trier of fact could have found defendant guilty beyond a reasonable doubt, and the verdict is supported by substantial evidence." United States v. Coyle, 63 F.3d 1239, 1243 (3d Cir. 1995). A conviction for carjacking pursuant to 18 U.S.C. § 2119 requires that the defendant (1) with intent to cause death or serious bodily harm (2) took a motor vehicle (3) that had been transported, shipped, or received in interstate or foreign commerce (4) from the person or presence of another (5) by force and violence or intimidation. Applewhaite, 195 F.3d at 684-85. Robles contends that the evidence presented during the trial, which included the testimony of one of his victims, was insufficient to establish his intent to cause the victims death or serious bodily harm. "The intent requirement of § 2119 is satisfied when the Government proves that at the moment the defendant demanded or took control over the driver's automobile the defendant possessed the intent to seriously harm or kill the driver if necessary to steal the car." Holloway v. United States, 526 U.S. 1, 12 (1999).

5

Each carjacking involved Robles' or his co-conspirator's use of a gun and Robles and his co-conspirators accosted and physically harmed two of their victims and brandished a gun at two others. There was ample evidence for the jury to have concluded Robles' intent to cause his victims serious harm if necessary to steal the car.[1]

## IV.

Robles challenges his conviction of possession of a firearm by a drug user, Counts 3, 7, and 12, citing this Court's ruling in his co-defendant's case, United States v. Augustin, 376 F.3d 135 (3d Cir. 2004), in which we stated that evidence of the defendant's drug use on a single occasion is insufficient to support a conviction under 18 U.S.C. § 922(g)(3). Pursuant to our opinion in Augustin, we will vacate Robles' conviction as to Counts 3, 7, and 12.

## V.

Accordingly, we will vacate Robles' conviction under 18 U.S.C. § 922(g)(3) (Counts 3, 7, and 12) and will otherwise affirm the judgment and sentence.

---

[1]Robles challenges the credibility of Alex DeJesus, his co-conspirator who testified against him at trial. Issues of credibility are for the factfinder's consideration; this Court may not judge DeJesus' credibility. United States v. Casper, 956 F.2d 416, 421 (3d Cir. 1992).