[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 17, 2006
THOMAS K. KAHN
CLERK

----------------------------------------

No. 06-10949
Non-Argument Calendar

----------------------------------------

D.C. Docket No.  05-00236-CR-CG

UNITED STATES OF AMERICA,

                                                    Plaintiff-Appellee,

versus

HAROLD SCOTT BAKER,

                                                    Defendant-Appellant.

--------------------------------------
Appeal from the United States District Court
for the Southern District of Alabama
--------------------------------------

**(November 17, 2006)**

Before EDMONDSON, Chief Judge, DUBINA and HULL, Circuit Judges.

PER CURIAM:

     Defendant-Appellant Harold Scott Baker appeals his conviction after a jury

trial for possession of firearms by an unlawful user of a controlled substance, 18

U.S.C. § 922(g)(3).  No reversible error has been shown; we affirm.

During a search of Baker's house, police officers discovered items including eight firearms (some of which were loaded with ammunition), a marijuana pipe, a marijuana grinder, rolling papers, scales, a small amount of marijuana, and marijuana stems and seeds. Baker first argues that the district court erred in denying his motion to suppress evidence seized by officers from his home. He asserts that he did not consent voluntarily to the search of his home because (1) officers told him that they were not looking for "small stuff" and would be "on their way" if they did not find a methamphetamine lab or marijuana plants and (2) officers threatened to obtain a search warrant if he did not consent to the search of his home.

We review a district court's denial of a defendant's motion to suppress under a mixed standard of review, reviewing the district court's findings of fact for clear error and its application of law to those facts de novo. See United States v. Gil, 204 F.3d 1347, 1350 (11th Cir. 2000). And we construe the facts in the light most favorable to the party prevailing in the district court, in this case the government. United States v. Santa, 236 F.3d 662, 668 (11th Cir. 2000).

A warrantless search may be conducted in the absence of probable cause or reasonable suspicion when voluntary consent is obtained. United States v. Blake, 888 F.2d 795, 798 (11th Cir. 1989). "The question of voluntariness is one of fact

2

to be determined from the totality of the circumstances, and the trial court's voluntariness determination must not be reversed on appeal unless clearly erroneous." United States v. Ramirez-Chilel, 289 F.3d 744, 752 (11th Cir. 2002) (quotation and emphasis omitted). To determine whether consent was given voluntarily, we consider (1) whether the defendant was free to leave; (2) whether coercive police procedures were used; (3) the extent of the defendant's cooperation or awareness of a right to refuse consent; (4) whether the defendant could refuse to consent; (5) the extent of the defendant's education and intelligence; and (6) the defendant's belief that no incriminating evidence would be found. Id.

After a careful review of the record, we conclude that the district court did not clearly err in determining that Baker's consent to search his home was voluntary.[1] Baker consented to the search of his home under non-threatening circumstances and after consulting with his wife. He was not detained by the police when he consented to the search. Baker provided verbal consent to officers more than once; and he also signed a consent form. We are not persuaded by Baker's argument that officers misled him into consenting to the search based on

---

[1]To the extent that Baker argues that officers lacked authority to approach his house and ask him for consent to enter, we determine that this argument is without merit.

3

his belief that officers would arrest him only if they discovered marijuana plants or a methamphetamine operation because they were not looking for "small stuff."[2] And Baker's consent to search was not vitiated because officers told him that they could attempt to obtain a search warrant if he did not consent to the search.[3] See United States v. Garcia, 890 F.2d 355, 361 (11th Cir. 1989) (concluding that consent was given voluntarily when officers told defendant that if he refused to consent to a full search, the officers would attempt to obtain a warrant). Therefore, we affirm the denial of Baker's motion to suppress evidence.

Section 922(g)(3) provides that "[i]t shall be unlawful for any person . . . who is an unlawful user of or addicted to any controlled substance . . . to possess in or affecting commerce . . . any firearm." Baker contends that the evidence presented at trial was insufficient to prove that he was an "unlawful user" of a controlled substance under section 922(g)(3) because no evidence was presented that he was using marijuana in an ongoing manner.

---

[2] Indeed the discovery of marijuana, drug paraphernalia, and several weapons, some of which were loaded with ammunition, would not reasonably be considered insignificant.

[3] At the suppression hearing, Officer Patrick Donnelly testified that, after Baker pointed out a bag in his house containing marijuana, Officer Donnelly told Baker that Officer Donnelly could go to a judge and attempt to obtain a search warrant. Officer Benjamin Burke, who also participated in the search of Baker's house, testified that officers told Baker that they could go talk to a judge about obtaining a search warrant. But Baker's wife testified that officers told Baker that, if he did not consent to a search, the officers would obtain a search warrant. Because we must consider the facts in the light most favorable to the government, see Santa, 236 F.3d at 668, we have relied on the officers' testimony in this instance.

We review challenges to the sufficiency of the evidence de novo, resolving all reasonable inferences from the evidence in favor of the jury's verdict. See United States v. Rudisill, 187 F.3d 1260, 1267 (11th Cir. 1999). We must affirm Baker's conviction "unless, under no reasonable construction of the evidence, could the jury have found [him] guilty beyond a reasonable doubt." United States v. Garcia, 405 F.3d 1260, 1269 (11th Cir. 2005).

Here, sufficient evidence was presented at Baker's trial that he was an unlawful user of marijuana contemporaneously with his possession of firearms.[4] At Baker's home, officers discovered marijuana, marijuana seeds and stems, several items of drug paraphernalia -- including pipes, rolling papers, scales, and a grinder -- and many firearms. During Baker's trial, Investigator Clint Cadenhead testified that the quantity of marijuana seeds and stems discovered at Baker's house probably would yield over 100 marijuana cigarettes. Baker admitted to officers during the search of his house that he used marijuana to self-medicate; and

---

[4]In reviewing challenges to sentencing enhancements under U.S.S.G. § 2K2.1, which provides, among other things, for an enhanced offense level if a defendant was a "prohibited person," we have explained -- using language from section 922(g)(3) -- that a "prohibited person" includes a person "who is an unlawful user of or addicted to any controlled substance." United States v. Edmonds, 348 F.3d 950, 953 (11th Cir. 2003). An unlawful user of marijuana includes a person whose marijuana use was "regular, ongoing, and contemporaneous with his firearm possession." Id. at 953-54; see also United States v. Augustin, 376 F.3d 135, 138-39 (3d Cir. 2004) (defining "unlawful user" pursuant to section 922(g)(3) as a regular user of a controlled substance for time "proximate to or contemporaneous with the possession of a firearm").

he told federal agent Robert Tolbert that he had been smoking marijuana around the time that officers searched his home. In addition, Baker's wife testified that Baker smoked marijuana because of stress resulting from a friend's death that occurred just months before the search of his house. We conclude that Baker's conviction was supported by sufficient evidence.

Baker next asserts that 18 U.S.C. § 922(g)(3) is unconstitutionally vague as applied to him because the statute failed to put him on notice that the manner and extent to which he used marijuana qualified him as an "unlawful user." We review de novo whether a statute is unconstitutionally vague. See United States v. Biro, 143 F.3d 1421, 1426 (11th Cir. 1998). "[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." Kolender v. Lawson, 103 S.Ct. 1855, 1858 (1983).

As we have discussed, the evidence in this case -- which indicated that Baker used marijuana on an ongoing basis, including around the time of the search of his home, and possessed several firearms -- was sufficient to sustain Baker's conviction. We reject Baker's contention that he was not on notice that his marijuana use and firearms possession violated section 922(g)(3).

AFFIRMED.