

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-16-2007

# USA v. Johnson

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4052

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Johnson" (2007). *2007 Decisions.* Paper 1301.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1301

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

05-4052

UNITED STATES OF AMERICA

v.

CHAD JOHNSON,

Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 02-cr-00619-3)
District Judge: Hon. Legrome D. Davis

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 8, 2007

Before: McKEE, AMBRO and FISHER, Circuit Judges

OPINION

McKEE, Circuit Judge

Chad Johnson appeals his conviction as well as the sentence that was imposed

following that conviction for armed carjacking and conspiracy to commit armed

carjacking. He challenges the sufficiency of the evidence and claims that the sentencing

court erred in imposing a sentencing enhancement based only upon a preponderance of

the evidence. For the reasons that follow, we will affirm.

## I. Sufficiency of the Evidence.

Because we write primarily for the parties, we need not recite the underlying facts or procedural history of this case except insofar as may be helpful to our brief discussion.[1]

We review the sufficiency of the evidence in the light most favorable to the government as verdict winner. *See United States v. Stanisfield*, 101 F.3d 909, 911 (3d Cir. 1996). We must sustain the conviction "if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Dent*, 149 F.3d 180, 187 (3d Cir. 1998).

In order to prove the offense of armed carjacking under 18 U.S.C. § 2119, the government must establish beyond a reasonable doubt that the defendant "(1) 'with intent to cause death or serious bodily harm' (2) took a motor vehicle (3) that had been 'transported, shipped, or received in interstate or foreign commerce' (4) 'from the person or presence of another' (5) 'by force and violence or by intimidation.'" *United States v. Lake*, 150 F.3d 269, 272 (3d Cir. 1998) (*quoting* 18 U.S.C. § 2119).

Here, there is no dispute about three of these elements. Johnson does not contest that he took (or attempted to take) motor vehicles that had been transported in interstate or foreign commerce from the presence of another. However, he claims the evidence

---

[1] At the outset we only note that, but for the potentially tragic consequences, the actions of Johnson and his coconspirators could pass for a modern day parody of inept cattle rustlers or a foiled stage coach robbery.

was not sufficient to establish that he had the required intent or that he used force, violence or intimidation.

## A. The Required Intent.

Under *Holloway v. United States,* 526 U.S. 1, 12 (1999), the intent requirement for armed carjacking is satisfied when "the Government proves that at the moment the defendant demanded or took control over the driver's automobile the defendant possessed the intent to seriously harm or kill the driver if necessary to steal the car." Thus, the evidence has to be sufficient to allow a reasonable jury to conclude beyond a reasonable doubt that Johnson intended to seriously injure or kill if otherwise unable to gain control of the cars. *Id.* at 11-12. *See also*, *United States v. Anderson*, 108 F.3d 478 (3d Cir. 1997). That intent may be established indirectly through his own actions, or through actions of his coconspirators. *See United States v. Augustin*, 376 F.3d 135, 140 (3d Cir. 2004) (finding conditional intent "to seriously harm or kill" based on the actions of a coconspirator). The evidence here is clearly sufficient to prove that Johnson intended to inflict serious bodily injury or death if that became necessary to gaining control of the two cars.

Johnson tried to steal the cars even though he believed those cars belonged to a violent drug dealer. A jury could certainly conclude that no one would attempt to steal cars supposedly containing very large amounts of cash from a drug dealer unless he intended to inflict serious bodily injury or death to accomplish that objective. Johnson refused to alter his plan when he learned that the FBI was towing the cars targeted for

3

carjacking. He entered the cab of one of the tow trucks in an attempt to commandeer it and the car it was towing. The jury could infer that Johnson would not have entered the cab of that tow truck to steal the towed cars unless he intended to do something more than ask if he could drive.

The actions of Johnson's conspirators were also relevant to his intent. *See Augustin, supra*. Not content with a mere show of force, Johnson's confederates opened fire when the tow truck driver resisted Johnson's attempts to gain control. Not surprisingly, a tow truck driver and a bystander were shot in the process. Though Johnson was apparently not armed himself, his confederates were. A reasonable jury could certainly consider that in assessing whether he was part of a conspiracy that intended to use deadly force to steal the two cars if that became necessary to get them. *See Nicholas v. Saul Stone & Co.*, 224 F.3d 179, 189 (3d Cir. 2000) (establishing aider and abetter liability when defendant "(1) had knowledge of the principal's . . . intent to commit a violation of the Act; (2) had the intent to further that violation; and (3) committed some act in furtherance of the principal's objective").[2]

Thus, the evidence is certainly sufficient to allow the jury to conclude beyond a reasonable doubt that Johnson had the intent required under § 2119, and Johnson's arguments to the contrary are without merit.

### B. Use of Force or Intimidation.

---

[2] Although the discussion in *Nicholas* pertained to aider and abettor liability under 18 U.S.C. § 2, our analysis there is relevant to our inquiry here.

4

The act of forcefully entering the cab of the tow truck to steal the towed cars was also sufficient by itself to establish the use of force or intimidation. However, there is more. As we have just noted, the coconspirators shot a truck driver and a bystander, and one of them threatened to shoot a passenger. Any suggestion that the evidence does not establish the use of force or intimidation is patently frivolous.

Johnson incorrectly concludes that, because the jury acquitted him of using firearms in relation to a crime of violence, the jury could not conclude that he used force or intimidation as required by § 2119. *See* Appellant's Br. at 23-25. However, that argument ignores Johnson's responsibility for the violence and intimidation of his codefendants during the carjacking. *Nicholas*, *supra*.

Accordingly, Johnson's challenge to his conviction is also without merit.

## II.  Sentencing Enhancement.

Johnson's challenge to his sentence rests upon his claim that the District Court erred in imposing an enhancement for the victims' injuries based only upon a preponderance of the evidence rather than requiring proof beyond a reasonable doubt. We need not respond to that argument because it is now foreclosed by our recent decision in *United States v. Grier*, 475 F.3d 556 (3d Cir. 2007) (*en banc*).

## III. Conclusion.

Thus, for the reasons stated above, we will affirm the judgment of conviction and the  sentence that the District Court imposed.

5