# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3121
_____

United States of America

*Plaintiff - Appellee*

v.

Todd Karl Bramer

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Aberdeen
_____

Submitted: May 31, 2016
Filed: August 11, 2016
[Published]
_____

Before SMITH, BEAM, and KELLY, Circuit Judges.
_____

PER CURIAM.

Todd Bramer pled guilty to one count of possession of firearms by a prohibited person—specifically, an unlawful user of a controlled substance—in violation of 18 U.S.C. § 922(g)(3). In his written guilty plea, Bramer admitted to "knowingly possess[ing] firearms," including two handguns and at least one other firearm, while "being an unlawful user of marijuana." Bramer also waived the right to appeal all

non-jurisdictional issues.  On appeal from the district court,[1] Bramer argues that § 922(g)(3), which makes it unlawful for "any person . . . who is an unlawful user of or addicted to any controlled substance" to possess a firearm, is unconstitutionally vague.

Bramer argues that § 922(g)(3) is facially[2] unconstitutional, because the terms "unlawful user" of a controlled substance and "addicted to" a controlled substance are vague.  Though we are inclined to think that this argument could be meritorious under the right factual circumstances, it fails here.  Bramer's argument rests in large part on Johnson v. United States, 135 S. Ct. 2551 (2015), which applied a more expansive vagueness analysis than prior case law might have suggested.  Before Johnson, we required defendants challenging the facial validity of a criminal statute to establish that "'no set of circumstances exist[ed] under which the [statute] would be valid.'" United States v. Stephens, 594 F.3d 1033, 1037 (8th Cir. 2010) (quoting United States v. Salerno, 481 U.S. 739, 745 (1987)).  Johnson, however, clarified that a vague criminal statute is not constitutional "merely because there is some conduct that falls within the provision's grasp."  Johnson, 135 S. Ct. at 2561.

Though Bramer need not prove that § 922(g)(3) is vague in all its applications, our case law still requires him to show that the statute is vague as applied to his particular conduct.  United States v. Cook, 782 F.3d 983, 987 (8th Cir.), cert. denied, 136 S. Ct. 262 (2015) ("'a [defendant] who engages in some conduct that is clearly prohibited cannot complain of the vagueness of the law as applied to the conduct of others'" (quoting Holder v. Humanitarian Law Project, 561 U.S. 1, 18–19 (2010))).

---

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

[2]The parties agree that Bramer's appeal waiver in this case precludes all but a facial constitutional challenge.  United States v. Seay, 620 F.3d 919, 922 (8th Cir. 2010).

Here, Bramer admitted in his written plea agreement to being an unlawful user of marijuana while in knowing possession of at least three firearms. We therefore have no basis in the record to conclude that the term "unlawful user" of a controlled substance was unconstitutionally vague as applied to him. United States v. Huckaby, 698 F.2d 915, 920 (8th Cir. 1982) ("Generally, constitutional challenges not raised before the trial court are not cognizable on appeal unless they constitute plain error.").

Though it is plausible that the terms "unlawful user" of a controlled substance and "addicted to" a controlled substance could be unconstitutionally vague under some circumstances, Bramer does not argue, and has not shown, that either term is vague as applied to his particular conduct of possessing firearms while regularly using marijuana. Under our case law, his facial challenge to the constitutionality of § 922(g)(3) cannot succeed without such a showing. Cook, 782 F.3d at 988–90 (finding that the statute in question gave the defendant "adequate notice that his conduct was criminal"). Accordingly, we affirm Bramer's conviction.

_____