[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-11841

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TERRELL JAVON JONES,
a.k.a. Terrell Javon Jones, Jr.
a.k.a. Terrell Javon Jones, II,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:18-cr-00136-TJC-PDB-1

_____

Before LUCK, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

The Armed Career Criminal Act enhances the sentences of defendants who violate 18 U.S.C. section 922(g) and also have at least three prior convictions for violent felonies, serious drug offenses, or both, committed on different occasions. 18 U.S.C. § 924(e). After pleading guilty to a violation of 18 U.S.C. section 922(g)(1), Terrell Jones was sentenced to the Act's fifteen-year minimum. *See id.* § 924(e)(1). On appeal, Jones asks us to vacate his sentence, arguing that (1) the Act's different-occasions provision is unconstitutionally vague on its face, (2) the district court erred in using *Shepard v. United States*, 544 U.S. 13 (2005) documents to find the non-elemental facts that Jones's prior convictions occurred on different occasions, and (3) his prior convictions do not qualify under the Act because they have no mens rea requirement. After careful review, we affirm.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Jones committed seven cocaine offenses on seven dates in 2011 and 2012. He sold or delivered cocaine on December 14 and 28, 2011, and on February 24, April 18, May 2, and June 18, 2012. And he sold, manufactured, or delivered cocaine within one thousand feet of a community center on February 21, 2012. He was convicted of these offenses in October 2012. Years earlier, in November 2009, Jones was also convicted of possession of cocaine.

On June 12, 2018, at approximately 11:20 P.M., Jones drove to a gas station with his eight-year-old nephew, a loaded gun, four small bags of powder cocaine, and one piece of crack cocaine. Jones got out of the car with the gun in his hand, threw it into the backseat, and went to talk to someone. Later, after he was arrested, Jones admitted that he had the gun in his hand and that he threw it into the backseat. He also admitted to being in prison from 2012 to 2016.

A grand jury indicted Jones on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. sections 922(g)(1) and 924(e). Jones pleaded guilty. The presentence investigation report recommended that he receive the Act's sentencing enhancement—and thus the fifteen-year statutory minimum—because his seven 2011 and 2012 cocaine convictions constituted serious drug offenses. Without the enhancement, the statutory maximum would have been ten years. *See* 18 U.S.C. § 924(a)(2).

Jones objected to the enhancement. He argued that the Act's different-occasions provision was unconstitutionally vague on its face and *Shepard* documents could not be used to find the non-elemental facts that he committed his prior offenses on different occasions. Jones also argued that his cocaine convictions did not qualify as serious drug offenses under the Act because they did not require him to know the illicit nature of the substance (i.e. cocaine).

4                    Opinion of the Court                    20-11841

The district court overruled Jones's objections, adopted the presentence investigation report without change, and sentenced Jones to the statutory minimum fifteen years in prison.

## STANDARD OF REVIEW

We review de novo "whether a statute is unconstitutionally vague." *United States v. Duran*, 596 F.3d 1283, 1290 (11th Cir. 2010). We also review de novo "whether prior offenses meet the [Act's] different-occasions requirement" and "whether a prior conviction qualifies as a serious drug offense for purposes of the [Act]." *United States v. Longoria*, 874 F.3d 1278, 1281 (11th Cir. 2017).

## DISCUSSION

On appeal, Jones makes the same three arguments he made in his objections to the fifteen-year statutory minimum sentence under the Act. We address them in turn.

### *Vagueness*

Jones challenges the constitutionality of the Act's different-occasions provision as failing to provide a legitimate standard and thus allowing arbitrary enforcement. The Supreme Court recently approved a multifactor test for the different-occasions inquiry that considers the predicate offenses' proximity in time, "[p]roximity of location," and "the character and relationship of the offenses." *Wooden v. United States*, 142 S. Ct. 1063, 1071 (2022) ("Offenses committed close in time, in an uninterrupted course of conduct, will often count as part of one occasion; not so offenses separated by substantial gaps in time or significant intervening events.

Proximity of location is also important; the further away crimes take place, the less likely they are components of the same criminal event. And the character and relationship of the offenses may make a difference: The more similar or intertwined the conduct giving rise to the offenses—the more, for example, they share a common scheme or purpose—the more apt they are to compose one occasion."). Jones contends that "the multifactor test both deprives defendants of fair notice and leads to arbitrary enforcement."

The government argues that Jones may not bring a facial challenge to the different-occasions provision because he clearly committed his predicate offenses on different occasions—Jones's prior convictions were not remotely "close in time." The government also argues that the different-occasions provision is not vague because persons of ordinary intelligence can comprehend it. *See Leib v. Hillsborough Cnty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1310 (11th Cir. 2009) ("To overcome a vagueness challenge, statutes must 'give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly,' and 'must provide explicit standards for those who apply them.'" (quoting *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972))). We agree with the government.

A person (other than a plaintiff raising a First Amendment claim) "who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." *Stardust, 3007 LLC v. City of Brookhaven*, 899 F.3d 1164, 1176 (11th Cir. 2018) (quoting *Hoffman Estates v. Flipside*,

455 U.S. 489, 495 (1982) (alteration adopted)).  Jones's conduct clearly falls within the reach of the different-occasions provision. He committed seven offenses on seven different days over a six-month period:  in December 2011, February 2012, April 2012, May 2012, and June 2012.  They were not close in time.  *See Wooden*, 142 S. Ct. at 1071 ("Courts . . . have nearly always treated offenses as occurring on separate occasions if a person committed them a day or more apart . . . .").  Jones clearly committed at least three offenses on different occasions that were not close in time, and thus cannot challenge the provision as applied to others with prior convictions that were close in time.[1]

In any event, the different-occasions provision is not unconstitutionally vague.  The Act provides that the defendant's prior violent felonies or serious drug offenses must have been "committed on occasions different from one another."  18 U.S.C. § 924(e).  This

---

[1] *Johnson v. United States*, 576 U.S. 591 (2015) and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) did not overrule the Supreme Court's longstanding rule, and ours, that a person (other than a plaintiff raising a First Amendment claim) who engages in some conduct that is clearly proscribed by a statute cannot complain of the vagueness of the law as applied to the conduct of others.  *See, e.g.*, *United States v. Cook*, 970 F.3d 866, 877 (7th Cir. 2020) ("*Johnson* did not alter the general rule that a defendant whose conduct is clearly prohibited by a statute cannot be the one to make a facial vagueness challenge." (citing *United States v. Westbrooks*, 858 F.3d 317, 325–26 (5th Cir. 2017))); *United States v. Bramer*, 832 F.3d 908, 909–10 (8th Cir. 2016) ("Though [the defendant] need not prove that [the challenged statute] is vague in all its applications, our case law still requires him to show that the statute is vague as applied to his particular conduct.").

language gives persons of ordinary intelligence fair notice that committing qualifying offenses on different occasions will result in the sentencing enhancement, and it permits non-arbitrary enforcement, *see Johnson*, 576 U.S. at 595, through *Wooden*'s multifactor test, *see* 142 S. Ct. at 1071.

Jones contends that the different-occasions provision is as "hopelessly indeterminate" and "shapeless" as the Act's now-invalidated residual clause. *Johnson*, 576 U.S. at 598, 602. But the residual clause posed a special problem: it required that courts apply a qualitative standard of risk to "an idealized ordinary case of the crime" and therefore "offer[ed] significantly less predictability" than an inquiry into actual, rather than imaginary, facts. *Id.* at 604. The different-occasions inquiry avoids this problem by focusing on what the defendant actually did, as reflected in *Shepard* documents. This takes the different-occasions provision outside the vagueness problem that affected the residual clause. *See, e.g.*, *United States v. Morris*, 821 F.3d 877, 880 (7th Cir. 2016) ("[The defendant] argues that the 'committed on occasions different from one another' language of the [Act] is unconstitutionally vague because the statute does not specify a methodology for determining whether criminal acts are considered separate events. He contends that this vagueness grants undue discretion to courts and that the [Act] fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct the [Act] encompasses. We disagree."); *United States v. Jenkins*, 770 F.3d 507, 510 (6th Cir. 2014) ("[The defendant] claims that the phrase 'committed on occasions

different from one another' is unconstitutionally vague. But the [d]ue [p]rocess [c]lause does not force Congress to legislate in encyclopedic terms. General, qualitative, or normative terms suffice, so long as they are sufficiently definite that ordinary people can understand what conduct is prohibited and sufficiently constrained that the possibility of arbitrary and discriminatory enforcement is limited." (internal quotation marks and citations omitted and alterations adopted)); *United States v. Michel*, 446 F.3d 1122, 1136 (10th Cir. 2006) ("That different courts might draw subtle distinctions as to what constitutes crimes occurring on occasions different from one another does not necessarily render the statute vague for constitutional purposes. . . . [The Act's different-occasions] language is sufficiently definite to let a person of ordinary intelligence . . . know that if he committed three separate crimes on the same day against separate victims at separate locations, his sentence would be enhanced under the [Act].").

### Non-elemental factfinding

Jones also argues that, even if the different-occasions provision is constitutional, the district court erred when it undertook the different-occasions inquiry. According to Jones, the district court erred when it relied on the dates of his prior offenses in the *Shepard* documents to determine that he committed them on different occasions because the court was limited to the offenses' elements and the dates were not elements. Jones acknowledges *Longoria* as contrary precedent, *see* 874 F.3d at 1281, but contends that *Longoria* conflicts with two earlier Supreme Court cases, *Mathis v. United*

*States*, 136 S. Ct. 2243 (2016) and *Descamps v. United States*, 570 U.S. 254 (2013).

We rejected the same argument as "unavailing" in *United States v. Dudley*, 5 F.4th 1249, 1265 (11th Cir. 2021). There, as here, the defendant argued "that *Descamps* and *Mathis* abrogated our precedent regarding the different-occasions inquiry." *Id.* We said that, "[u]nder our prior precedent rule, 'a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or this court sitting *en banc*.'" *Id.* (quoting *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008)). But "[n]either *Descamps* nor *Mathis*," we explained, was "clearly on point as neither case deal[t] with the different-occasions inquiry." *Id.* (citing *Mathis*, 136 S. Ct. at 2253 and *Descamps*, 570 U.S. at 257–58). "Accordingly," we concluded, neither case "abrogated our prior precedent on the different-occasions inquiry for purposes of the [Act]." *Id.*

The district court properly relied on *Shepard* documents to conclude that Jones's prior convictions occurred on different occasions.

### Lack of mens rea

Jones's final argument is that his predicate convictions do not constitute serious drug offenses under the Act because the crimes with which he was charged had no mens rea requirement. All seven convictions were for violations of Florida Statutes section 893.13 that took place in 2011 and 2012. Since May 2002,

knowledge of a drug's illicit nature has not been an element of Florida's drug crimes. *See* Fla. Stat. § 893.101(2) ("[K]nowledge of the illicit nature of a controlled substance is not an element of any offense under [chapter 893]."); *Donawa v. U.S. Att'y Gen.*, 735 F.3d 1275, 1281 (11th Cir. 2013) (observing that, after section 893.101, Florida drug offenses no longer require the state to prove beyond a reasonable doubt that "the defendant had knowledge of the nature of the substance in his possession"). Jones contends that serious drug offenses under the Act must have a mens rea requirement, and because, after May 2002, Florida drug crimes do not, his convictions for those crimes cannot be serious drug offenses under the Act.

Jones concedes that *United States v. Smith*, 775 F.3d 1262 (11th Cir. 2014), forecloses his argument, but he maintains that *Smith* was wrongly decided. In *Smith*, we rejected this same argument to hold that drug crimes lacking a mens rea element can still be serious drug offenses under the Act because the Act's definition of "serious drug offense" contains "[n]o element of mens rea with respect to the illicit nature of the controlled substance." *Id.* at 1264, 1267 (italics removed); *see* 18 U.S.C. § 924(e)(2)(A)(ii) (defining "serious drug offense" to include "an offense under [s]tate law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law"). *Smith* remains good law and we're bound by it

until the en banc court or the Supreme Court tells us we're not. Accordingly, we reject Jones's argument.

AFFIRMED.[2]

---

[2] Because we've considered Jones's Federal Rule of Appellate Procedure 28(j) supplemental authority letter, and the Supreme Court's decision in *Wooden*, we deny his motion for leave to file a supplemental brief.