IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2022 Term

FILED

**November 17, 2022**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 21-0696

STATE OF WEST VIRGINIA,
Plaintiff Below, Respondent,

v.

WILLIAM T. WILFONG,
Defendant Below, Petitioner.

Appeal from the Circuit Court of Randolph County
The Honorable David H. Wilmoth, Judge
Case No. 20-M-2

AFFIRMED

Submitted:  November 1, 2022
Filed:  November 17, 2022

Morris C. Davis, Esq.
The Nestor Law Office
Elkins, West Virginia
Counsel for the Petitioner

Patrick Morrisey, Esq.
Attorney General
Michael R. Williams, Esq.
Senior Deputy Solicitor General
Lara K. Bissett, Esq.
Assistant Attorney General
Charleston, West Virginia
Counsel for Respondent

JUSTICE WALKER delivered the Opinion of the Court.

SYLLABUS BY THE COURT

1.      "The constitutionality of a statute is a question of law which this Court reviews *de novo.*"  Syllabus Point 1, *State v. Rutherford*, 223 W. Va. 1, 672 S.E.2d 137 (2008).

2.      "'When the constitutionality of a statute is questioned every reasonable construction of the statute must be resorted to by a court in order to sustain constitutionality, and any doubt must be resolved in favor of the constitutionality of the legislative enactment.'  Syl. Pt. 3, *Willis v. O'Brien,* 151 W. Va. 628, 153 S.E.2d 178 (1967)."  Syllabus Point 3, *State v. James*, 227 W. Va. 407, 710 S.E.2d 98 (2011).

3.      "'A criminal statute must be set out with sufficient definiteness to give a person of ordinary intelligence fair notice that his contemplated conduct is prohibited by statute and to provide adequate standards for adjudication.'  Syl. pt. 1, *State v. Flinn*, 158 W. Va. 111, 208 S.E.2d 538 (1974)."  Syllabus Point 1, *State v. Blair*, 190 W. Va. 425, 438 S.E.2d 605 (1993).

4.      "'There is no satisfactory formula to decide if a statute is so vague as to violate the due process clauses of the State and Federal Constitutions.  The basic requirements are that such a statute must be couched in such language so as to notify a potential offender of a criminal provision as to what he should avoid doing in order to ascertain if he has violated the offense provided and it may be couched in general

i

language.' Syl. pt. 1, *State ex rel. Myers v. Wood*, 154 W. Va. 431, 175 S.E.2d 637 (1970)."

Syllabus Point 2, *State v. Blair*, 190 W. Va. 425, 438 S.E.2d 605 (1993).

5.    "Criminal statutes, which do not impinge upon First Amendment freedoms or other similarly sensitive constitutional rights, are tested for certainty and definiteness by construing the statute in light of the conduct to which it is applied." Syllabus Point 3, *State v. Flinn*, 158 W. Va. 111, 208 S.E.2d 538 (1974).

WALKER, Justice:

Petitioner William T. Wilfong was charged with possession of a firearm by a prohibited person under West Virginia Code § 61-7-7(a)(3) (2016). After the Circuit Court of Randolph County rejected his argument that the statute was unconstitutionally vague, it accepted his conditional guilty plea. Under the plea agreement, Mr. Wilfong reserved the right to appeal the issue and now contends that West Virginia Code § 61-7-7(a)(3)—which makes it unlawful for any person who "[i]s an unlawful user of . . . any controlled substance" to possess a firearm—is so ambiguous that it is unconstitutionally vague on its face. But because Mr. Wilfong does not argue, and has not shown, that this statute is vague as applied to his conduct of possessing a firearm while regularly using marijuana, his facial challenge cannot succeed. So, we affirm Mr. Wilfong's conviction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 8, 2019, Deputy E. B. Carr of the Randolph County Sheriff's Department responded to a report of a suspicious vehicle. When Deputy Carr approached the vehicle, Mr. Wilfong identified himself. Deputy Carr told Mr. Wilfong that he was parked on property that was posted with no trespassing signs. Deputy Carr ran Mr. Wilfong's driver's license through Randolph County E-911 communications and learned that the license was suspended. A warrant check showed that Mr. Wilfong had an active arrest warrant through the Elkins Municipal Court for a failure to appear offense.

1

Deputy Carr placed Mr. Wilfong under arrest and searched his vehicle incident to the arrest. He found a Remington Model 597 firearm and a magazine for that firearm that contained ten rounds of ammunition. Deputy Carr also found a digital scale with what he believed had marijuana residue on it. A criminal history check revealed that Mr. Wilfong had a conviction for possession of a controlled substance with a disposition date of May 28, 2019. When Deputy Carr drove him to the regional jail, Mr. Wilfong said he "only uses marijuana" and smokes it on a "normal" basis. Mr. Wilfong also told Deputy Carr that the last time he smoked marijuana was a week before his arrest.

Mr. Wilfong was charged with violating West Virginia Code § 61-7-7(a)(3) which provides, in relevant part, that an individual who "[i]s an unlawful user of . . . any controlled substance" is prohibited from possessing a firearm. Mr. Wilfong filed a motion with the circuit court seeking to have the statute declared unconstitutional on the ground that it was facially void for vagueness. He claimed that the statute did not give guidance as to what it means to be "an unlawful user," or how long someone is considered "an unlawful user," after using a controlled substance. The circuit court denied the motion.

Mr. Wilfong pleaded guilty to one misdemeanor count of being a prohibited person in possession of a firearm in violation of West Virginia Code § 61-7-7(a)(3) and reserved the right to appeal the constitutionality of that statute. The circuit court accepted his conditional guilty plea in March 2021. In its August 2, 2021, sentencing order, the

circuit court sentenced Mr. Wilfong to one year in the regional jail; it suspended that sentence for one year of supervised probation.

## II. STANDARD OF REVIEW

Mr. Wilfong argues that West Virginia Code § 61-7-7(a)(3) is unconstitutionally vague on its face because it does not define "unlawful user" of a controlled substance. "The constitutionality of a statute is a question of law which this Court reviews *de novo.*"[1] When we evaluate his challenge to the statute, we keep in mind the importance of judicial restraint because we presume that a statute is constitutional: "When the constitutionality of a statute is questioned every reasonable construction of the statute must be resorted to by a court in order to sustain constitutionality, and any doubt must be resolved in favor of the constitutionality of the legislative enactment."[2]

With this standard of review and presumption in mind, we proceed to address the parties' arguments.[3]

---

[1] Syl. Pt. 1, *State v. Rutherford*, 223 W. Va. 1, 672 S.E.2d 137 (2008).

[2] Syl. Pt. 3, *State v. James*, 227 W. Va. 407, 710 S.E.2d 98 (2011) (quoting Syl. Pt. 3, *Willis v. O'Brien*, 151 W. Va. 628, 153 S.E.2d 178 (1967)).

[3] Mr. Wilfong does not argue that because the conduct prohibited by West Virginia Code § 61-7-7(a)(3) may impact rights protected by the Second Amendment of the United States Constitution, the State has the burden of establishing that the statute "is consistent with this Nation's historical tradition of firearm regulation." *N.Y. State Rifle & Pistol Ass'n* (continued . . .)

## III. ANALYSIS

In this appeal, the Court is tasked with determining whether West Virginia Code § 61-7-7(a)(3) should be declared unconstitutionally vague and, therefore, void. The statute provides, in relevant part, that "no person shall possess a firearm . . . who . . . [i]s an unlawful user of . . . any controlled substance[.]"[4] "Claims of unconstitutional vagueness in criminal statutes are grounded in the constitutional due process clauses, *U.S. Const.* amend. XIV, Sec. 1, and *W.Va. Const.* art. III, Sec. 10."[5]

When applying the void-for-vagueness doctrine, we have instructed that "[a] criminal statute must be set out with sufficient definiteness to give a person of ordinary

_____

*v. Bruen*, 142 S. Ct. 2111, 2126 (2022). Indeed, the parties filed their briefs before the United States Supreme Court issued *Bruen*. But we note that in *Bruen*, the Supreme Court expressly reaffirmed the holdings of Second Amendment cases, which define the right to bear arms as belonging to "law-abiding, responsible citizens." *Id*. at 2122. For this reason, we examine West Virginia Code § 61-7-7(a)(3)'s prohibition as presumptively lawful and falling within the exceptions to the protected right to bear arms. *See, e.g., United States v. Daniels*, No. 1:22-CR-58-LG-RHWR-1, 2022 WL 2654232, at *4 (S.D. Miss. July 8, 2022) (holding 18 U.S.C. § 922(g)(3)—which provides, in relevant part, that "[i]t shall be unlawful for any person . . . who is an unlawful user or addicted to any controlled substance" to possess a firearm—passes constitutional muster under the legal framework articulated in *Bruen*); *United States v. Seiwert*, No. 20 CR 443, 2022 WL 4534605, at *2 (N.D. Ill. Sept. 28, 2022) (holding § 922(g)(3) is consistent with this Nation's historical tradition of firearm regulation).

[4] W. Va. Code § 61-7-7(a)(3).

[5] *State v. Bull*, 204 W. Va. 255, 261, 512 S.E.2d 177, 183 (1998).

4

intelligence fair notice that his contemplated conduct is prohibited by statute and to provide adequate standards for adjudication."[6]  We also recognize that

> "[t]here is no satisfactory formula to decide if a statute is so vague as to violate the due process clauses of the State and Federal Constitutions.  The basic requirements are that such a statute must be couched in such language so as to notify a potential offender of a criminal provision as to what he should avoid doing in order to ascertain if he has violated the offense provided and it may be couched in general language."[7]

Mr. Wilfong argues that West Virginia Code § 61-7-7(a)(3) is so ambiguous it is unconstitutionally vague on its face because it does not define "unlawful user."  He contends that the statute does not provide sufficient guidance to either a potential defendant or a finder of fact as to how long one remains an "unlawful user" after the unlawful use of a controlled substance.  And Mr. Wilfong asks whether one forfeits his Second Amendment rights if he uses marijuana the week, the month, or the year before?

The State responds that because Mr. Wilfong cannot show that the statute is vague as applied to his particular conduct, he lacks standing to raise a facial challenge.[8]

---

[6] Syl. Pt. 1, *State v. Blair*, 190 W. Va. 425, 438 S.E.2d 605 (1993) (quoting Syl. Pt. 1, *State v. Flinn*, 158 W. Va. 111, 208 S.E.2d 538 (1974)).

[7] Syl. Pt. 2, *Blair*, 190 W. Va. at 426, 438 S.E.2d at 606 (quoting Syl. Pt. 1, *State ex rel. Myers v. Wood*, 154 W. Va. 431, 175 S.E.2d 637 (1970)).

[8] *State ex rel. Appleby v. Recht*, 213 W. Va. 503, 519, 583 S.E.2d 800, 816 (2002); *see also Holder v. Humanitarian Law Project*, 561 U.S. 1, 18-19 (2010) (holding one (continued . . .)

The State notes that when Mr. Wilfong pleaded guilty, he admitted to all of the facts alleged in the criminal complaint.[9] So, the State contends that Mr. Wilfong's regular use of marijuana would lead an ordinary person to understand that he was an "unlawful user" of controlled substances who was prohibited from possessing a firearm.

This case presents an issue of first impression for this Court. We look to federal court cases for guidance because they have examined the issue and recognized possible constitutional vagueness concerns with 18 United States Code § 922(g)(3) (2022),[10] which contains nearly identical language to West Virginia Code § 61-7-7(a)(3).[11]

---

"'who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others.'") (quoting *Hoffman Estates v. Flipside Hoffman Estates, Inc.*, 455 U.S. 489, 495 (1982)).

[9] *See* Syl. Pt. 3, *State ex rel. Combs v. Boles*, 151 W. Va. 194, 151 S.E.2d 115 (1966) ("A plea of guilty is an admission of whatever is well charged in the indictment and the acceptance thereof by the court effects a conviction for that offense."); *see also McCarthy v. U.S.*, 394 U.S. 459, 466 (1969) ("a guilty plea is an admission of all the elements of a formal criminal charge"); *see also State v. Liebnitz*, 603 N.W. 2d 208, 214 (Wis. 1999) (recognizing the well-established rule that what is admitted by a guilty plea is all the material facts alleged in the charging document).

[10] Section 922(g)(3) provides, in relevant part, that "[i]t shall be unlawful for any person . . . who is an unlawful user or addicted to any controlled substance" to possess a firearm.

[11] *See*, *e.g.*, *United States v. Turnbull*, 349 F.3d 558, 561 (8th Cir. 2003) ("The term 'unlawful user' is not otherwise defined in [§ 922(g)(3)], but courts generally agree the law runs the risk of being unconstitutionally vague without a judicially-created temporal nexus between the gun possession and regular drug use."), *judgment vacated*, 543 U.S. 1099 (2005), *opinion reinstated*, 414 F.3d 942 (8th Cir. 2005)); *United States v. Jackson,* 280 F.3d 403, 406 (4th Cir. 2002) (upholding district court's determination that the government (continued . . .)

Even so, federal courts have consistently rejected facial due process challenges to § 922(g)(3) where the defendant engaged in conduct that was clearly prohibited by the statute. For example, in *United States v. Purdy*,[12] the court rejected a facial void-for-vagueness challenge to the term "unlawful user" where the evidence showed that the defendant smoked methamphetamine and marijuana regularly and contemporaneously with his possession of a firearm.[13] The *Purdy* court reasoned that the defendant was put on notice that he fell within the statutory definition of an unlawful drug user; it went on to hold that "to sustain a conviction under § 922(g)(3), the government must prove . . . that the defendant took drugs with regularity, over an extended period of time, and contemporaneously with his purchase or possession of a firearm."[14]

In *United States v. Bramer*,[15] the Eighth Circuit Court of Appeals addressed a case procedurally and factually similar to the case before us and rejected a facial challenge to § 922(g)(3) when the defendant did not show that the term "unlawful user"

---

must establish "a pattern of use and recency of use" as a reasonable application of § 922(g)(3)).

[12] 264 F.3d 809 (9th Cir. 2001).

[13] *Id*. at 812.

[14] *Id*. at 812-13.

[15] 832 F.3d 908 (8th Cir. 2016).

was vague "as applied to his particular conduct."[16]  What made Bramer's conduct "clearly prohibited" was that he had pleaded guilty to "knowingly posses[sing] firearms . . . while being an unlawful user of marijuana."[17]  The court noted that while it was "plausible" that the term "unlawful user" of a controlled substance "could be unconstitutionally vague under some circumstances, Bramer does not argue, and has not shown, that" the term was vague as applied to his particular conduct of possessing firearms while regularly using marijuana.[18]  When reaching its conclusion, the court relied on void-for-vagueness case law holding generally that a defendant who engages in conduct that is clearly prohibited by a statute lacks standing to complain of the vagueness of the law as applied to the conduct of others.[19]

---

[16] *Id*. at 909.

[17] *Id*.

[18] *Bramer*, 832 F.3d at 909-10; *see also United States v. Edwards*, 182 F.3d 333, 336 (5th Cir. 1999) (rejecting a void-for-vagueness challenge and affirming conviction under § 922(g)(3) where defendant admitted to using marijuana on a daily basis for the past two to three years).

[19] *Bramer*, 832 F.3d at 909 (citing *United States v. Cook*, 782 F.3d 983, 987 (8th Cir. 2015) cert. denied, 136 S.Ct. 262 (2015)); *see also United States v. Stupka*, 418 F.Supp.3d 402 (N.D. Iowa 2019) (finding defendant could not raise vagueness challenge to § 922(g)(3) without demonstrating that the statute was vague as applied to her particular conduct); *Holder*, 561 U.S. at 18-19.

Turning to West Virginia Code § 61-7-7(a)(3), the Legislature chose to criminalize firearm possession by a person who "*is* an unlawful user"[20] of a controlled substance, and we recognize that "[t]he use of the present tense was not idle. Quite simply, [the Legislature] intended the statute to cover unlawful drug use at or about the time of the possession of the firearm, with that drug use not remote in time or an isolated occurrence."[21] This reading not only provides adequate notice to a potential defendant and a trier of fact, "it preserves the legislative intent that those who could reasonably be considered to be 'unlawful users'—those who use with regularity and in a time period reasonably contemporaneous with the possession of a firearm—be subject to criminal sanction."[22] So, a plain reading of West Virginia Code § 61-7-7(a)(3) shows that it requires a temporal nexus between regular drug use and possession of a firearm to support a conviction.

In *Flinn*, we held that, "[c]riminal statutes, which do not impinge upon First Amendment freedoms or other similarly sensitive constitutional rights, are tested for

---

[20] W. Va. Code § 61-7-7(a)(3) (emphasis added).

[21] *United States v. Augustin*, 376 F.3d 135, 138 (3d Cir. 2004). In *Augustin*, the court found that "to be an unlawful user [under § 922(g)(3)], one needed to have engaged in regular use over a period of time proximate to or contemporaneous with the possession of the firearm." 376 F.3d at 139.

[22] *State v. Garcia*, 424 P.3d 171, 185 (Utah 2017). In *Garcia*, the court examined Utah Code § 76-10-503(1)(b)(iii), (3) (2021), which contains nearly identical language to West Virginia Code § 61-7-7(a)(3).

certainty and definiteness by construing the statute in light of the conduct to which it is applied."[23]  For this reason, Mr. Wilfong's facial attack to West Virginia Code § 61-7-7(a)(3) lacks merit because he ignores his conduct in this case.  When he was arrested in November 2019, Mr. Wilfong admitted that he "uses marijuana" and smokes it on a "normal" basis; he told the deputy that he smoked marijuana the week before and the deputy found a firearm and digital scale with what he believed had marijuana residue on it in Mr. Wilfong's vehicle.  Mr. Wilfong was convicted of possession of a controlled substance earlier that year.  These facts show that Mr. Wilfong's regular use of marijuana over an extended period of time put him on notice that he qualified as an "unlawful user" of a controlled substance, who was prohibited from possessing a firearm under West Virginia Code § 61-7-7(a)(3).  Even though West Virginia Code § 61-7-7(a)(3) is "couched in general language[,]"[24] it does not violate the due process clauses as applied to Mr. Wilfong's conduct.  So, he lacks standing to assert the claim that the statute is unconstitutionally vague on its face.[25]

---

[23] Syl. Pt. 3, *Flinn*, 158 W. Va. at 111, 208 S.E.2d at 539.  While the right to possess a firearm is addressed in the Federal and State Constitutions, possession of a firearm by certain individuals, such as felons, is outside those constitutional protections.  *Stupka*, 418 F.Supp.3d at 412 (citing *McDonald v. City of Chicago, Ill.*, 561 U.S. 742, 786 (2010)).  So, this case does not involve the type of fundamental constitutional rights that typically lead to a facial vagueness review.  *See Bruen*, 142 S. Ct. at 2122 (defining the Second Amendment right to bear arms as belonging to "law-abiding, responsible citizens.").

[24] Syl. Pt. 2, in part, *Blair*, 190 W. Va. at 426, 438 S.E.2d at 606.

[25] *Recht*, 213 W. Va. at 519, 583 S.E.2d at 816.

This case demonstrates that a defendant cannot prevail in his void-due-to-vagueness constitutional challenge by raising hypothetical scenarios that illustrate a statute could prove difficult to apply. "Close cases can be imagined under virtually any statute. The problem that poses is addressed, not by the doctrine of vagueness, but by the requirement of proof beyond a reasonable doubt."[26] And when a statutory term is the primary source of vagueness, the remedy is typically a limiting instruction, not a finding of facial invalidity.[27]

## IV.  CONCLUSION

We conclude that the facts concerning Mr. Wilfong's marijuana use were sufficient to put him on notice that his conduct was criminal under West Virginia Code § 61-7-7(a)(3), so he cannot present a facial void-for-vagueness challenge to the statute. We affirm the August 2, 2021, sentencing order of the Circuit Court of Randolph County.

Affirmed.

---

[26] *United States v. Williams*, 553 U.S. 285, 306 (2008).

[27] *See*, *e.g.*, *United States v. Raines*, 362 U.S. 17, 22 (1960) ("The delicate power of pronouncing an Act of Congress unconstitutional is not to be exercised with reference to hypothetical cases thus imagined"; a limiting instruction "could be given to the statute by the court responsible for its construction if an application of doubtful constitutionality were in fact concretely presented.").