# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3545

_____

United States of America

*Plaintiff - Appellee*

v.

Mani Panoam Deng

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: May 7, 2024
Filed: June 20, 2024

_____

Before SMITH, KELLY, and KOBES, Circuit Judges.

_____

KOBES, Circuit Judge.

The Government charged Mani Panoam Deng with being an unlawful drug user in possession of a firearm, 18 U.S.C. § 922(g)(3). He moved to dismiss the indictment, arguing that § 922(g)(3) violates the Second Amendment (both facially

and as applied to him) and is void for vagueness. The district court[1] denied his facial Second Amendment challenge and deferred ruling on his other claims because they were bound up with facts about his offense conduct that a jury needed to find. Deng then pleaded guilty unconditionally. He appeals, renewing his constitutional challenges to § 922(g)(3) and arguing that the court erred by deferring a complete decision on his motion to dismiss. We affirm.

I.

We start with the Second Amendment. Deng argues that § 922(g)(3) violates the Second Amendment facially and as applied to him under *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). But after briefing concluded, we held that § 922(g)(3) is facially constitutional. *United States v. Veasley*, 98 F.4th 906, 918 (8th Cir. 2024). That decision binds us here.

Deng's as-applied challenge fails too because he waived it by pleading guilty unconditionally. *United States v. Seay*, 620 F.3d 919, 922 n.3 (8th Cir. 2010). A "knowing and intelligent guilty plea" generally "forecloses independent claims relating to the deprivation of constitutional rights that occurred before the entry of the guilty plea." *United States v. Morgan*, 230 F.3d 1067, 1071 (8th Cir. 2000) (cleaned up) (citation omitted). There is a narrow exception for "jurisdictional" claims, or those that attack the "State's power to bring any indictment at all." *Seay*, 620 F.3d at 921 (citation omitted); *see also United States v. Nunez-Hernandez*, 43 F.4th 857, 860 (8th Cir. 2022) (noting "jurisdiction" in this context has "nothing to do with subject-matter jurisdiction" and is instead shorthand for the "limited class of defenses that survive a guilty plea"). Facial constitutional challenges fit the bill, *Morgan*, 230 F.3d at 1071; as-applied challenges to § 922(g)(3) do not, *Seay*, 620 F.3d at 922 n.3; *Veasley*, 98 F.4th at 908.

---

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

Deng points out that he pleaded guilty without a plea agreement and so did not agree to an appeal waiver. But it is his guilty plea itself that "waives all non-jurisdictional defects and defenses," independent of any appeal waiver. *See United States v. Limley*, 510 F.3d 825, 827 (8th Cir. 2007). A defendant may, of course, enter a conditional guilty plea, preserving his right to appeal an issue. *See id.* (citing Fed. R. Crim. P. 11(a)(2)). That is not what happened here.

Now to Deng's vagueness challenge. A criminal statute is void for vagueness under the Fifth Amendment's Due Process Clause "if it fails to give ordinary people fair notice of the conduct it punishes or is so standardless that it invites arbitrary enforcement." *United States v. Turner*, 842 F.3d 602, 604 (8th Cir. 2016) (cleaned up) (quoting *Johnson v. United States*, 576 U.S. 591, 595 (2015)). To win a facial challenge, the only type available after his guilty plea, Deng "need not prove that § 922(g)(3) is vague in all its applications," but he still must show that the statute "is vague as applied to his particular conduct." *United States v. Bramer*, 832 F.3d 908, 909–10 & n.2 (8th Cir. 2016) (per curiam). That's because a defendant "who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." *United States v. Cook*, 782 F.3d 983, 987 (8th Cir. 2015) (quoting *Holder v. Humanitarian L. Project*, 561 U.S. 1, 18–19 (2010)). We review vagueness challenges *de novo*. *United States v. Burgee*, 988 F.3d 1054, 1060 (8th Cir. 2021).

Section 922(g)(3) prohibits anyone "who is an unlawful user of or addicted to any controlled substance" from possessing firearms. Because the term "unlawful user" "runs the risk of being unconstitutionally vague," we interpret it to "require a temporal nexus" between the gun possession and regular drug use. *United States v. Carnes*, 22 F.4th 743, 748 (8th Cir. 2022) (citation omitted). Admittedly, § 922(g)(3) might still be unconstitutionally vague on "the right fact[s]," *Bramer*, 832 F.3d at 909, but this isn't that case. Deng admitted that he frequently used marijuana and knew that he was a marijuana user when he possessed the gun. *See id.* at 909–10 (holding that a defendant who possessed guns while regularly using marijuana had adequate notice that his conduct was criminal under § 922(g)(3)).

Because he has failed to show that § 922(g)(3) is unconstitutionally vague as applied to him, he cannot mount a facial challenge.

Nor can Deng prevail under the rule of lenity.[2] This canon of statutory construction is a "junior version of the vagueness doctrine" that "ensures fair warning by . . . resolving ambiguity in a criminal statute as to apply it only to conduct clearly covered." *United States v. Lanier*, 520 U.S. 259, 266 (1997) (citation omitted). But the canon "only applies" when a "grievous ambiguity" remains after we have used the normal tools of statutory interpretation. *United States v. Castleman*, 572 U.S. 157, 172–73 (2014) (citation omitted). Because § 922(g)(3), "as interpreted by our case law, makes clear that [Deng's] conduct is proscribed," there is no need to resort to lenity. *See United States v. Shellef*, 507 F.3d 82, 106 (2d Cir. 2007).

One final issue. Deng argues that the district court erred by deferring a ruling on his vagueness and as-applied Second Amendment challenges. But he waived this claim too by pleading guilty. *See Limley*, 510 F.3d at 828 (unconditional guilty plea waived right to appeal denial of motion for a *Franks* hearing).

II.

We affirm the district court's judgment.

_____

---

[2]We assume without deciding that a defendant who pleaded guilty unconditionally may invoke the rule of lenity on appeal.

-4-