# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-2758

_____

United States of America

*Plaintiff - Appellee*

v.

Avontae Lamar Tucker

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa

_____

Submitted: April 12, 2024
Filed: August 2, 2024
[Unpublished]

_____

Before BENTON, GRASZ, and STRAS, Circuit Judges.

_____

PER CURIAM.

Avontae Tucker robbed a convenience store at gunpoint and, days later, led police on a high-speed car chase after they attempted to pull him over. He pled guilty to Hobbs Act Robbery (Count 1), 18 U.S.C. § 1951; possessing and brandishing a firearm in furtherance of a crime of violence (Count 2), 18 U.S.C. § 924(c)(1)(A)(i) and (ii); and unlawfully possessing a firearm as a user of a

controlled substance (Count 3), 18 U.S.C. §§ 922(g)(3), 924(a)(8). The district court[1] sentenced Tucker to a total of 192 months of imprisonment; 108 months on Counts 1 and 3 to be served concurrently, and 84 months on Count 2, to be served consecutively. Tucker appeals, challenging the constitutionality of 18 U.S.C. § 922(g)(3) and the district court's denial of a two-level reduction in his offense level for an acceptance of responsibility under the United States Sentencing Guidelines Manual (U.S.S.G. or Guidelines) § 3E1.1(a).

## I. Background

On September 23, 2022, Tucker robbed a convenience store in Des Moines, Iowa, using an AR-15 style rifle. On September 28, 2022, a police officer attempted to stop a vehicle, driven by Tucker. Tucker briefly pulled over before accelerating away from the scene. After a car chase, which resulted in several collisions, Tucker fled on foot, only to be caught by the police officers shortly after. At the time, Tucker was in possession of a loaded Glock pistol and 35 fentanyl pills. Police officers later searched Tucker's residence, finding marijuana, methamphetamine tablets, and a loaded rifle with 30 rounds of ammunition. Tucker admitted to being a daily drug user.

Tucker was indicted in October 2022. He initially pled not guilty to all charges. Tucker then changed his plea and pled guilty to all counts unconditionally. Twenty days after the deadline for pretrial motions, Tucker filed a motion to dismiss Count 3 of the indictment, arguing 18 U.S.C. § 922(g)(3)'s prohibition against possessing a firearm as a user of a controlled substance violates the Second Amendment of the United States Constitution. The district court denied Tucker's motion as untimely, as well as on its merits.

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

During Tucker's sentencing hearing, the district court denied Tucker's request for a reduction to his offense level for acceptance of responsibility under U.S.S.G. § 3E1.1(a), explaining the reduction was not warranted because of Tucker's misconduct in jail while awaiting sentencing. While in jail, Tucker was involved in several physical altercations with other prisoners, disobeyed orders from the correctional officers, and tampered with security equipment.

## II. Analysis

Tucker raises two arguments on appeal. First, he argues 18 U.S.C. § 922(g)(3) is unconstitutional, both facially and as applied to him. Second, he contends the district court clearly erred in not applying a sentencing reduction for his acceptance of responsibility under U.S.S.G. § 3E1.1(a).

### A. Constitutional Challenge

We review de novo a denial of a motion to dismiss when a defendant alleges his or her conviction violates the Second Amendment. *See United States v. Sitladeen*, 64 F.4th 978, 983 (8th Cir. 2023).

Tucker filed a motion to dismiss Count 3, arguing 18 U.S.C. § 922(g)(3) is unconstitutional because it "prohibits users of marijuana and other controlled substances from exercising their Second Amendment right to keep and bear arms." The district court denied this motion on its merits, holding the law is constitutional under the test laid out in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022).

18 U.S.C. § 922(g)(3) makes it "unlawful for any person who is an unlawful user of or addicted to any controlled substance . . . [to] possess in or affecting commerce, any firearm or ammunition . . . ." Tucker argues § 922(g)(3) is facially unconstitutional because "[m]arijuana users are not excluded from 'the people' entitled to Second Amendment protections." We reject Tucker's facial challenge to

§ 922(g)(3) because, since this appeal, another panel of this court held the law is not facially unconstitutional. *United States v. Veasley*, 96 F.4th 906, 908 (8th Cir. 2024) ("The question is whether criminalizing this conduct *always* violates the Second Amendment. The answer is no, so we reject [the] facial challenge to the statute.").

To the extent Tucker makes an as-applied challenge to § 922(g)(3), we must reject it in light of his guilty plea: "A 'knowing and intelligent guilty plea' generally 'forecloses independent claims relating to the deprivation of constitutional rights that occurred before the entry of the guilty plea.'" *United States v. Deng*, 104 F.4th 1052, 1054 (8th Cir. 2024) (quoting *United States v. Morgan*, 230 F.3d 1067, 1071 (8th Cir. 2000)); *see also United States v. Seay*, 620 F.3d 919, 922 (8th Cir. 2010) (noting a voluntary guilty plea constitutes a waiver of non-jurisdictional defects).

Here, Tucker waived his right to challenge § 922(g)(3) when he knowingly and intelligently made a guilty plea and admitted to the factual basis for each charge. Thus, we affirm the district court's denial of Tucker's motion to dismiss Count 3.[2]

## B. Denial of Sentencing Reduction

We next consider Tucker's argument that he was entitled to a two-level reduction for his offense level under U.S.S.G. § 3E1.1(a). We review for clear error the denial of a sentence reduction for acceptance of responsibility. *United States v. Davis*, 875 F.3d 869, 875 (8th Cir. 2017).

U.S.S.G. § 3E1.1 allows for a sentencing reduction if "[a] defendant clearly demonstrates acceptance of responsibility for his offense . . . ." But "[a] defendant who enters a guilty plea is not entitled to credit for acceptance of responsibility as a matter of right," *United States v. Torres-Rivas*, 825 F.3d 483, 486 (8th Cir. 2006) (quoting *United States v. Shade*, 661 F.3d 1159, 1167 (8th Cir. 2011)), and the

---

[2]The government also argues the motion to dismiss Count 3 was untimely because it was filed two weeks after the deadline. We need not reach this issue in light of our holding.

-4-

burden of proof is on a defendant to show he is entitled to the reduction, *United States v. Vega*, 676 F.3d 708, 723 (8th Cir. 2012). The district court may consider a defendant's conduct outside the charges, including noncriminal conduct, to determine whether he is truly sorry for his actions. *United States v. Atlas*, 94 F.3d 447, 451 (8th Cir. 1996).

Here, the district court found Tucker's misconduct in jail—which involved physical altercations with other prisoners, disobedience to correctional officers' orders, and tampering with security equipment—demonstrated "a disrespect and disregard for the management of the jail." Tucker has failed to show this determination was clearly erroneous. *See id.*; *United States v. Chappell*, 69 F.4th 492, 494 (8th Cir. 2023) (affirming the district court's decision to deny defendant's reduction for acceptance of responsibility based on post-plea, pre-sentencing conduct). We thus affirm the district court's denial of the § 3E1.1 reduction.

## III. Conclusion

We affirm the district court's judgment.

_____