United States Court of Appeals
For the Eighth Circuit

No. 23-3104

Xzavier Justin Lee Clark

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

Appeal from United States District Court
for the Southern District of Iowa - Central

Submitted: November 19, 2024
Filed: January 3, 2025

Before COLLOTON, Chief Judge, BENTON and KELLY, Circuit Judges.

BENTON, Circuit Judge.

Xzavier Justin Lee Clark pled guilty to possession of a firearm as an unlawful user of a controlled substance in violation of 18 U.S.C. § 922(g)(3). The district court[1] sentenced him to 120 months in prison. By a 28 U.S.C. § 2255 motion, Clark argues the conviction violated the Second Amendment. The district court dismissed the motion. This court granted a certificate of appealability solely on this

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

constitutional question.  Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Clark claims that 18 U.S.C. § 922(g)(3) is unconstitutional, facially and as applied to him.  To prove facial unconstitutionality, he must "establish that no set of circumstances exists under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987).  A facial claim survives a guilty plea.  *United States v. Morgan*, 230 F.3d 1067, 1071 (8th Cir. 2000).  "Our review of a district court's ruling in a § 2255 proceeding is de novo both on matters of law and on mixed questions of law and fact." *Roundtree v. United States*, 751 F.3d 923, 925 (8th Cir. 2014).

Clark's facial challenge is defeated by controlling precedent.  *See United States v. Veasley*, 98 F.4th 906, 918 (8th Cir. 2024) (finding § 922(g)(3) constitutional because "at least some drug users and addicts fall within a class of people who historically have had limits placed on their right to bear arms").  *See also United States v. Tucker*, 2024 WL 3634232, at *2 (8th Cir. Aug. 2, 2024) (unpublished) (rejecting a facial challenge to § 922(g)(3) because "another panel of this court held the law is not facially unconstitutional" in *Veasley*); *United States v. Shannon*, 2024 WL 4224030, at *1 (8th Cir. Sept. 18, 2024) (unpublished) (finding the defendant's facial challenge to § 922(g)(3) fails "as he has not demonstrated any error that was clear or obvious under current law").

Clark alleges § 922(g)(3) is unconstitutional as applied to him.  A guilty plea forecloses Clark's as-applied constitutional challenge.  *United States v. Vaughan*, 13 F.3d 1186, 1187 (8th Cir. 1994) ("A defendant's knowing and intelligent guilty plea forecloses independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."); *United States v. Seay*, 620 F.3d 919, 922 n.3 (8th Cir. 2010) ("To the extent that Seay challenges the constitutionality of § 922(g)(3) as applied to him, we hold that this argument is foreclosed by his guilty plea."); *United States v. Deng*, 104 F.4th 1052, 1054 (8th Cir. 2024) (finding

Deng's "as-applied challenge" to § 922(g)(3) "fails too because he waived it by pleading guilty unconditionally").

\* \* \* \* \* \* \*

The judgment is affirmed.

_____