# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 24-3497

———————————————

United States of America

*Plaintiff - Appellee*

v.

Robert Vincent Harris

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of Nebraska - Lincoln

——————————

Submitted: April 24, 2026
Filed: April 29, 2026
[Unpublished]

——————————

Before SHEPHERD, ERICKSON, and KOBES, Circuit Judges.

——————————

PER CURIAM.

Robert Harris appeals after the district court[1] found him guilty of two drug offenses following a bench trial, and sentenced him to 240 months in prison. On

———————————

[1] The Honorable John M. Gerrard, United States District Judge for the District of Nebraska.

appeal, Harris challenges the sufficiency of the evidence to support his conviction for distribution of fentanyl resulting in serious bodily injury, in violation of 21 U.S.C. § 841(a)(1), (b)(1).  Specifically, he argues the evidence that he allowed the victim to use some of his personal quantity of fentanyl was insufficient to show distribution.

Upon careful review, we conclude there was sufficient evidence Harris distributed fentanyl, even if there was no hand-to-hand transfer.  See United States v. Monteer, 83 F.4th 1119, 1122 (8th Cir. 2023) (applying same review standard to bench trial and jury verdicts for sufficiency-of-evidence challenges; upholding verdict if reasonable factfinder could find offense proven beyond reasonable doubt); United States v. Gentry, 555 F.3d 659, 664 (8th Cir. 2009) (reviewing sufficiency-of-evidence challenges, including challenges hinging on interpretation of statute, de novo, considering evidence in light most favorable to government).  Our cases make clear that a defendant distributes a controlled substance within the statutory meaning of that term "anytime he gives it to a third party."  See United States v. Parker, 993 F.3d 595, 605 (8th Cir. 2021); see also United States v. Deng, 104 F.4th 1052, 1055 (8th Cir.) (because statute at issue, as interpreted by our case law, made clear that conduct in question was proscribed, there was no need to resort to rule of lenity), cert. denied, 145 S. Ct. 348 (2024).  Here, the record established Harris obtained a substance he was certain was fentanyl, invited the victim to his apartment when she sought heroin from him, brought out a mirror with fentanyl on it, cut a line, snorted some of the line, and allowed the victim to consume the remainder through a straw he gave her.  See United States v. Frommelt, 971 F.3d 823, 830 (8th Cir. 2020) (sufficient evidence defendant distributed drugs when he set them out on table in his home while hosting guests and left line for guest staying in his bedroom).

Accordingly, we affirm.

_____